**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 95-30072
(Summary Calendar)

---

WARDELL HUNTER,

Petitioner-Appellant,

versus

KEITH HALL,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-360)

August 9, 1995

---

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this appeal from the dismissal of his petition for habeas corpus filed under 42 U.S.C. § 2241, Petitioner-Appellant Wardell Hunter, a federal prisoner, collaterally attacks the calculation of

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

the time he must serve in federal prison, claiming entitlement to credit for time served prior to sentencing. Wardell has now filed a motion with this court to hold the instant appeal in abeyance so that he might deal with purported newly discovered evidence. For the reasons set forth below, we deny that motion and we affirm the district court's dismissal of Hunter's habeas petition.

I

FACTS AND PROCEEDINGS

Hunter was arrested by state authorities on January 22, 1991, on two counts of probation violation. Two days later a federal detainer was lodged against Hunter in connection with several drug counts. He alleges that, even though he posted bond in connection with the state probation violation, he was not released from custody due to this federal detainer.

Almost four months later, on May 13, 1991, Hunter was sentenced in state court to serve two concurrent prison terms, one of five years and the other of six months, on the above-said state probation violation counts. On August 21, 1991, however, this sentence was set-aside by a state court so that Hunter's state sentence could be coterminous with the federal sentence.

On January 8, 1992, the federal district court sentenced Hunter to serve 115 months imprisonment on his federal drug conviction, specifying that this sentence was to run consecutively to his state sentence for drug possession and distribution. In sentencing Hunter, the district court stated that Hunter would be entitled to a credit for time served since the federal detainer was

2

lodged on January 24, 1991.

On November 6, 1992, Hunter was re-sentenced in state court to a term of 20 months on the probation violation for which he had been arrested on January 23, 1991, with credit for time served. Only a week later, on November 13, 1992, Hunter was paroled by state authorities, and he began to serve his federal sentence on the same date. As Hunter was not received into exclusive federal custody until that daySQNovember 13, 1992SQthe Bureau of Prisons (BOP) determined that Hunter did not commence serving his federal sentence prior to that date.

The government attached to its answer the declaration of the Inmate Systems Manager for FCI-Oakdale, where Hunter is incarcerated. According to that declaration:

> Mr. Hunter was originally arrested on January 23, 1991 by the State of Louisiana on the basis of a previously filed capias for a Rule to Revoke Probation, Docket No. 312-383, and a warrant for Docket No. 325-876. the U.S. Marshals Service lodged a detainer with the State of Louisiana on January 24, 1991, for conspiracy to possess with intent to distribute cocaine.

> The Records Clerk for Orleans Parish indicates that no bond was set for the probation violation as statute precludes bond. A bond of $100,000 was set for Docket No. 325-876; however, no attempts were made to post bond. The detainer filed by the U.S. Marshals Service did not affect the bond status of either state case.

According to a Time Computation and Jail Credits furnished by the State of Louisiana, the time Hunter spent in custody after January 23, 1991, was credited against his state sentence. Consequently, he was not entitled to credit for that time against his federal sentence.

The magistrate judge found that Hunter's custody status

3

resulted from his state offenses, not from the federal detainer that was lodged against him while he was in state custody. Moreover, Hunter was not entitled to have the time spent in state custody credited against his federal sentence because he had already received credit for this time against his state sentence. The magistrate judge also found that it was not improper for the district court to have imposed a sentence that would run consecutively with a yet-to-be imposed state sentence, even though the state court might have intended for the state and federal sentences to terminate simultaneously.

The magistrate judge recommended that the petition for a writ of habeas corpus be denied. Adopting the report and recommendation of the magistrate judge, the district court denied the habeas petition, and Hunter timely appealed.

II

ANALYSIS

A.    Motion to Hold Appeal in Abeyance

Hunter claims to have discovered new information that had not been available to him at the time he filed his § 2241 petition, and has moved the court to hold his appeal in abeyance. He has not identified the new information, however; neither has he moved to supplement the record on appeal. His vague and conclusionary motion is insufficient and is therefore denied.

B.    Substance of Appeal

Hunter contends that the district court should have given effect to the intention of the state court for the state and

4

federal sentences to expire simultaneously. Hunter urges that the district court should have done so by designating the state facility as a place of confinement for purposes of his federal sentence.[1] In determining whether to impose concurrent or consecutive sentences, the district court, in the exercise of its discretion, "may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings." United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.), cert. denied, 500 U.S. 925 (1991); see United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir. 1993).

Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), relied on by Hunter, does not conflict with the rule in Brown and Ballard. In Barden, the Third Circuit ordered the BOP to exercise its discretion to determine whether a state prison in which Barden was incarcerated on state charges prior to being transferred to a federal facility should be designated a place of federal confinement for purposes of Barden's federal sentence. Barden, 921 F.2d at 478. The state court had ordered that the state sentence be served concurrently with the federal sentence. Id. Unlike the instant case, however, the federal court in Barden had not indicated whether the sentence should be served concurrently with

---

[1] The government argues that this issue is being raised for the first time on appeal. We disagree. Hunter did argue in the district court that the state court vacated its original sentence so that its sentence would be coterminous with the federal sentence. In the district court Hunter did not cite Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), which he now relies on, but the issue was nonetheless raised; in fact it was discussed by the magistrate judge in his report and recommendation.

any subsequently imposed state sentence. Id. at 483. In reaching its decision, the Third Circuit stated, "[w]e recognize that neither the federal courts nor the Bureau [of Prisons] are bound in any way by the state court's direction that the state and federal sentences run concurrently." 921 F.2d at 478 n.4. The Barden court thus recognized that the district court was not bound by the state court's decision to have the state and federal sentences run concurrently; the district court in its discretion could order that its sentence run consecutively with the subsequently-imposed state sentence.

Hunter argues that here the district court intended that he receive credit for the time he served in state custody prior to sentencing. But Hunter overlooks the fact that, under 18 U.S.C. § 3585(b), the Attorney General, through the BOPSQnot the district courtSQcomputes the credit for prior custody . United States v. Wilson, 503 U.S. 329, ___, 112 S. Ct. 1351, 1354-55 (1992). A defendant is given credit toward his term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). The BOP determined that Hunter was not entitled to a credit for time served in state custody because that time had been credited against his state sentence. Even if, as Hunter suggested in the district court, his release on bail had been prevented by the federal detainer, he still would not have been entitled to a credit for the time served in state custody because that time was credited against his state sentence. See United

States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983).  The district court's judgment is

AFFIRMED; Motion DENIED.